# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL ACTION NO: 5:20-CV-00503-FL

| | |
|---|---|
| KAZEEM OLUROTIMI OYENEYIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S FIRST AMENDED** |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| CITY OF RALEIGH; BRYAN BRACEY(Individually); C GAGNON (Individually); K.E. VAN ALTHUIS (Individually); and TG BEATON (Individually), | |
| Defendants. | |

NOW COMES Plaintiff, Kazeem O. Oyeneyin, by and through his undersigned counsel, complaining of acts and/or omissions of the Defendants, demands a jury trial and alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an August 17, 2019 incident in which Officers of the Raleigh Police Department ("RPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to, inter alia, false seizure, false arrest, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to 18 USC § 1331, 42 USC §1983, and the Fourth and Fourteenth Amendment to the United States Constitution.

5. The amount in controversy exceeds $25,000.00 excluding interest and costs.

**VENUE**

6. The unlawful actions complained of all took place in Wake County.

7. Plaintiff, Kazeem O. Oyeneyin (hereinafter, referred to interchangeably as "Plaintiff" and "Mr. Oyeneyin") is a citizen and resident of Wake County, North Carolina.

8. Defendant, City of Raleigh is a municipal corporation organized under the laws of the State of North Carolina and capable under state statute of bringing and defending lawsuits, including claims involving its police department. It is vicariously liable for the wrongful acts of Defendant, Bracey, Defendant, C Gagnon, Defendant, K.E. Van Althuis, and Defendant, TG Beaton and under respondent superior and North Carolina law, as Defendant, Bracey, Defendant's C Gagnon, Defendant, K.E. Van Althuis, and Defendant, TG Beaton were acting as agents of the City of Raleigh within the scope of their employment at all times relevant to this action. On information and belief, the City of Raleigh has purchased insurance, either by contract with an insurance company or by participation in an insurance risk pool, that covers the claims raised in this action and has thereby waived any defense of sovereign or governmental immunity.

9. Defendant, Bryan Bracey (referred to herein interchangeably as "Defendant Bracey" and "Officer Bracey") is, upon information and belief, a resident of Wake County, North Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual capacity for acts taken under color of law within the scope of his employment. Because the actions of Defendant, Bracey as described herein were intentional, malicious, willful and wanton, and were taken outside of his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

10. Defendant, C Gagnon (referred to herein interchangeably as "Defendant Gagnon and "Officer Gagnon") is, on information and belief, a resident of Wake County, North Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual capacity for acts taken under color of law within the scope of his employment. Because the actions of Defendant, Gagnon as described herein were intentional, malicious, willful and wanton, and were taken outside of his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

11. Defendant, K.E. Van Althuis (referred to herein interchangeably as "Defendant Van Althuis and "Officer Van Althuis") is, on information and belief, a resident of Wake County, North Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual capacity for acts taken under color of law within the scope of his employment. Because the actions of Defendant, Van Althuis as described herein were intentional, malicious, willful and wanton, and were taken outside of his

lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

12. Defendant, TG Beaton (referred to herein interchangeably as "Defendant Beaton and "Officer Beaton") is, on information and belief, a resident of Wake County, North Carolina. At all times relevant to this action, he was an employee of the City of Raleigh Police Department. He is sued in his individual capacity for acts taken under color of law within the scope of his employment. Because the actions of Defendant, Beaton as described herein were intentional, malicious, willful and wanton, and were taken outside of his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from liability under the claims alleged herein.

## FACTUAL BACKGROUND

13. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint.
14. Plaintiff is a Black male who at all times relevant to this complaint resided at 2505 Blooming Street, Raleigh, NC 27612.
15. Plaintiff has been a resident of Raleigh, North Carolina since at least 2005. Since the year of 2005 Plaintiff has been arrested and charged with criminal offenses by Raleigh Police Department at least eight times.
16. The charges include Accessory After the Fact, Second Degree Trespass, GO Armed to Terror People, Assault by Pointing a Gun, Carrying Concealed Weapon, Maintain Veh/Dwell/Place CS, and Possession With the Intent to Distribute Marijuana.
17. These arrests and charges span from 2005- 2011.
18. Each offense charged was ultimately dismissed by the respective court or dismissed voluntarily without leave by the District Attorney's Office.

19. Plaintiff was forced to pay thousands of dollars in attorney's fees to fight charges that were clearly unsupported by the facts and the law.

20. Separate and apart from the police contacts that ultimately led to the aforementioned criminal charges, Plaintiff has been stopped by Raleigh Police Department Officers on numerous other occasions.

21. Plaintiff has had tracking devices placed on vehicles that he was operating and has had surveillance on his house under the guise of a narcotics investigation led by Sgt. James Battle of Raleigh Police Department, who was a detective between the years of 2005 and 2011 in which the harassment of Plaintiff was most voluminous.

22. Plaintiff has filed numerous complaints with Raleigh Police Department due to unlawful arrests and harassment inflicted upon him by Sgt. James Battle and other officers of the Raleigh Police Department since 2005.

23. On or about August 17, 2019 at approximately 12:21 pm, the Plaintiff's home security system at Plaintiff's place of residence was triggered accidentally by an overnight guest upon leaving the home which set off an audible siren.

24. Plaintiff, who was in his bedroom sleeping and dressed in only his underwear, was awakened and within a matter of seconds went down two levels of stairs, passing the front door, to disarm the alarm.

25. Upon disarming the alarm and silencing the audible siren, Plaintiff walked up two flights of stairs, once again passing his door, and returned to his bed to continue his sleep.

26. Upon information and belief, Raleigh Police Department and more specifically Defendant, Gagnon was dispatched to Plaintiff's home as a result of the alarm.

27. While Defendant, Gagnon was in route to responding to the dispatch Sgt. James Battle contacted him after becoming aware of the dispatch and advised Defendant, Gagnon that he was aware of the resident of the home, advised Defendant, Gagnon that a resident of the home was Plaintiff, Kazeem Oyeneyin and that Plaintiff had prior police involvements, including being a suspected large scale drug trafficker based on the unsubstantiated intelligence from a confidential informant.

28. Prior to Defendant, Gagnon's arrival he was already informed of the name of both household residents.

29. Approximately twenty minutes after the home security system had been disarmed, Plaintiff was abruptly awakened by someone yelling loudly into his home at around 12:40 p.m.

30. Plaintiff picked up his lawfully owned firearm and proceeded down the stairs cautiously, still dressed in only his underwear, to ascertain who had gained entry to his home and why.

31. Plaintiff put the, at that time, unknown person on notice that he had a gun in his hand and after it became clear that the instructions were coming from someone purporting to be a law enforcement officer Plaintiff immediately followed instructions to put the weapon down.

32. When Plaintiff came into line sight of Defendant, Gagnon, he was dressed in only his underwear and had nothing in his possession except for what was clearly identifiable and announced as a cell phone.

33. Plaintiff was immediately met with Defendant, Gagnon pointing a gun at him and ordering him at gunpoint to come out of the house, put his hands behind his back, and to get on his knees in which Plaintiff complied.

34. Defendant, Gagnon then entered Plaintiff's home without consent or a lawfully obtained warrant and forcibly placed handcuffs around the wrist of Plaintiff.

35. After being placed in handcuffs, Plaintiff was asked by Defendant, Gagnon for his name and if he lived in the residence. Plaintiff provided his name and advised that he did in fact live in the residence. Defendant, Gagnon, then asked Plaintiff if he had identification in which Plaintiff responded to in the affirmative.

36. Shortly thereafter Defendant, Bracey who, upon information and belief, was acting as Defendant, C Gagnon's supervisor arrived on the scene. Defendant Bracey, after hearing Defendant, C Gagnon's recap of what transpired prior to his arrival and Plaintiff's assertion that the residence was in fact his home ordered Plaintiff who was still in handcuffs to sit down.

37. After being instructed to sit down Plaintiff questioned as to why he was being ordered to sit down in handcuffs and his underwear when he did nothing wrong. Defendant, Bracey then ordered Defendant, Van Althuis, and Defendant Beaton, who also arrived on the scene, to enter Plaintiff's home without consent or a lawfully obtained warrant and take Plaintiff outside in the broad daylight in his underwear and buttocks exposed.

38. After having Plaintiff in handcuffs and multiple officers present, Plaintiff was never again asked or allowed to present identification which he previously indicated to Defendant, Gagnon he was in possession of.

39. There were no visible signs of forced entry or distress at or near the walkway on the outside of the home or the entry way of the inside of the home.

40. Plaintiff was paraded outside by Defendants, K.E. Van Althuis and Defendant, Beaton in his underwear across multiple houses and in sight of all of his neighbors in handcuffs to be put in a police car although there was a police vehicle immediately in front of his home.

41. Subsequently, all named Defendants convened at the entryway of Plaintiff's home to be debriefed on the next steps by Defendant, Bracey while other armed Raleigh Police Department officers held Plaintiff in custody. During that debriefing Defendant, Bracey in close proximity to Defendant, C Gagnon who was the only officer present during the initial exchange, stated "the burglar alarm was going off for a long time. He should've cancelled the alarm if he was the homeowner. He comes down, he wouldn't drop the gun and won't comply with (inaudible), that's unusual…".

42. After receiving that debriefing Defendant, Bracey and Defendants, Gagnon, Van Althuis, and Beaton entered Plaintiff's home under the guise of "clearing the house" but as evidenced by in-home surveillance footage the Defendants clearly searched areas in which no human being could possibly fit, grossly exceeding the scope of a good faith protective sweep.

43. While in the back of a patrol car Plaintiff was approached by Raleigh Police Department Sgt. James Battle who had the previously discussed encounters with Plaintiff and recognized Plaintiff to be the homeowner of the residence being searched by Defendants.

44. Shortly thereafter, Sgt. Battle ordered that Plaintiff be removed from handcuffs and walked with Plaintiff back to his residence. Upon approaching the residence Sgt. Battle ordered that the Defendants exit the home as it was in fact Plaintiff's residence.

45. In addition to those instances listed above, upon information and belief, the Raleigh Police Department as a whole has disproportionately arrested black people in comparison to white people at up to a 6 times higher rate.

46. Defendant, City of Raleigh ratified the conduct of Defendant, Bracey, Defendant, Gagnon, Defendant, Van Althuis, and Defendant, Beaton by allowing this pervasive culture of use of excessive force, overly aggressive policing and disproportionate arresting of black citizens.

47. As a direct and proximate result of the above-mentioned acts and omissions by Defendant City of Raleigh, Defendant, Bracey, Defendant, Gagnon, Defendant, Van Althuis, and Defendant, Beaton, Plaintiff was falsely seized, falsely arrested, subjected to excessive force and suffered an invasion of privacy.

48. Plaintiff was never charged with a crime on August 17, 2019.

49. The forced involuntary exposure of Plaintiff's body parts for no legitimate law enforcement purpose was demeaning and caused him unavoidable embarrassment and humiliation.

50. Plaintiff was required by the Defendants to remain in a state of undress for a prolonged and unnecessary period of time while officers on the scene searched the inside of his home.

51. At no time during the unlawful interaction complained of herein did Plaintiff pose a threat to the security of the officers present.

52. There was no legitimate law enforcement reason for keeping Plaintiff handcuffed and undressed outside of his home for a prolonged period of time while the police conducted an unlawful search inside of his home.

53. Plaintiff by way of counsel followed the procedures in place for filing complaints with the Raleigh Police Department including sitting for an interview with an internal affairs investigator regarding the incident in question.

54. After being provided all relevant information and reviewing evidence not in the possession of Plaintiff at this time, The Raleigh Police Department ratified the conduct of the named Defendants by finding that no violations took place on the date in question.

## COUNT I

### 42 U.S.C. § 1983
### Fourth Amendment Violation
### (Against Defendant, Bryan Bracey)

55. Plaintiff, realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 54 above and further alleges:

56. The actions of Defendant Bracey as described herein constituted the unlawful seizure, arrest, use of excessive force and unlawful search of Plaintiff and his home all in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

57. The arrest, search and seizure of Plaintiff and the force used against him by Defendant, Bracey were all objectively unreasonable.

58. The actions complained of were taken under color of state law and are this actionable pursuant to 42 U.S.C. § 1983.

59. As a direct and proximate result of this conduct, Plaintiff suffered an unlawful seizure, arrest, physical pain, and humiliation. Plaintiff seeks and is entitled to recover compensatory damages.

60. Defendant, Bracey violated Plaintiff's Fourth Amendment rights without lawful authority, and in deliberate, willful, or wanton disregard for Plaintiff's Fourth Amendment rights. Plaintiff seeks and is entitled to punitive damages against him individually.

61. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### 42 U.S.C. § 1983
### Fourth Amendment Violation
### (Against Defendant C Gagnon)

62. Plaintiff, realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 61 above and further alleges:

63. The actions of Defendant, C Gagnon as described herein constituted the unlawful seizure, arrest, use of excessive force and unlawful search of Plaintiff and his home all in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

64. The arrest, search and seizure of Plaintiff and the force used against him by Defendant, C Gagnon were all objectively unreasonable.

65. The actions complained of were taken under color of state law and are this actionable pursuant to 42 U.S.C. § 1983.

66. As a direct and proximate result of this conduct, Plaintiff suffered an unlawful seizure, arrest, physical pain, and humiliation. Plaintiff seeks and is entitled to recover compensatory damages.

67. Defendant, C Gagnon violated Plaintiff's Fourth Amendment rights without lawful authority, and in deliberate, willful, or wanton disregard for Plaintiff's Fourth Amendment rights. Plaintiff seeks and is entitled to punitive damages against him individually.

68. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III

### 42 U.S.C. § 1983
### Fourth Amendment Violation
### (Against Defendant K.E. Van Althuis)

69. Plaintiff, realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 68 above and further alleges:

70. The actions of Defendant, K.E. Van Althuis as described herein constituted the unlawful seizure, arrest, use of excessive force and unlawful search of Plaintiff and his home all in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

71. The arrest, search and seizure of Plaintiff and the force used against him by Defendant, K.E. Van Althuis were all objectively unreasonable.

72. The actions complained of were taken under color of state law and are this actionable pursuant to 42 U.S.C. § 1983.

73. As a direct and proximate result of this conduct, Plaintiff suffered an unlawful seizure, arrest, physical pain, and humiliation. Plaintiff seeks and is entitled to recover compensatory damages.

74. Defendant, K.E. Van Althuis violated Plaintiff's Fourth Amendment rights without lawful authority, and in deliberate, willful, or wanton disregard for Plaintiff's Fourth Amendment rights. Plaintiff seeks and is entitled to punitive damages against him individually.

75. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT IV

### 42 U.S.C. § 1983
### Fourth Amendment Violation
### (Against Defendant TG Beaton)

76. Plaintiff, realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 75 above and further alleges:

77. The actions of Defendant, Beaton as described herein constituted the unlawful seizure, arrest, use of excessive force and unlawful search of Plaintiff and his home all in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, which is applicable to the states under the Fourteenth Amendment.

78. The arrest, search and seizure of Plaintiff and the force used against him by Defendant, Beaton were all objectively unreasonable.

79. The actions complained of were taken under color of state law and are this actionable pursuant to 42 U.S.C. § 1983.

80. As a direct and proximate result of this conduct, Plaintiff suffered an unlawful seizure, arrest, physical pain, and humiliation. Plaintiff seeks and is entitled to recover compensatory damages.

81. Defendant, Beaton violated Plaintiff's Fourth Amendment rights without lawful authority, and in deliberate, willful, or wanton disregard for Plaintiff's Fourth Amendment rights. Plaintiff seeks and is entitled to punitive damages against him individually.

82. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT V

### 42 U.S.C. § 1983
### Monell Claim
### (Against Defendant City of Raleigh)

83. Plaintiff, realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 82 above and further alleges:

84. Before, during, and after the unlawful arrest and prosecution of Plaintiff, the City of Raleigh, through its police department and its final law enforcement policymakers, with deliberate indifference, maintained a policy, custom, or pattern and practice of promoting, facilitating, and condoning improper, illegal, and unconstitutional arrests of and contacts with citizens by the Raleigh Police officers, and failed to adequately train, supervise, or discipline Raleigh Police officers in connection with these arrests and contacts, implicating the constitutional rights of persons in the City of Raleigh.

85. Moreover, the City of Raleigh ignored or disregarded the repeated and persistent conduct of Defendants and other members of the Raleigh Police Department that violated the constitutional rights of persons in the City of Raleigh, knowing that such violations were likely to occur but taking no actions to stop them, and that failure to act was a proximate cause of the violation of Plaintiff's rights as set forth herein.

86. Defendant City of Raleigh failed to adequately and properly address and investigate complaints of police misconduct and unlawful acts by Defendant Bracey and Defendant's C Gagnon-#3 and other members of the Raleigh Police Department, and failed to discourage constitutional violations committed by Defendant, Bracey and Defendants, C Gagnon, K.E. Van Althuis, and TG Beaton and others within the police department, and instead tolerated such unlawful conduct as a form of social control of the community.

87. Defendant City of Raleigh failed to adequately and properly supervise, train, correct, counsel, admonish, and/or discipline Defendants and other members of the Raleigh Police Department, thereby failing to adequately discourage or prevent further constitutional violations that it knew were occurring and would continue to occur on the part of Defendants and other members of the Raleigh Police Department.

88. Defendant City of Raleigh failed to take adequate, reasonable, and necessary action against Defendants and other members of the Raleigh Police Department even though it knew or should have known that its officers had engaged in misconduct and would continue to do so. Indeed, it would have been plainly obvious to a reasonable policymaker that such policies, customs, or patterns and practices had caused and would continue to cause deprivations of individuals' constitutional rights.

89. Encouraged and authorized by the above-described custom of deliberate indifference, Defendants and other members of the Raleigh Police Department acted with impunity and believed their actions were condoned at the highest levels of policymaking and would not be properly monitored or limited by supervisory officers and that misconduct would not be investigated or sanctioned, but would instead be tolerated and encouraged.

90. The above-described custom of deliberate indifference on the part of law enforcement policymakers for Defendant City of Raleigh, including the chief of police, the city manager and the city council, to the violations of constitutional rights of persons within the City of Raleigh was a proximate cause of the violations of Plaintiff's rights alleged herein.

91. The actions complained of were taken under color of state law and are thus actionable pursuant to 42 U.S.C. § 1983.

92. As a direct and proximate result of the actions complained of, Plaintiff suffered an unlawful seizure, arrest, pain and humiliation.

93. Defendants violated Plaintiff's Fourth Amendment rights without permission or lawful authority, and in deliberate, willful or wanton disregard for Plaintiff's Fourth Amendment rights.

94. Plaintiff seeks and is entitled to recover compensatory damages.

95. Plaintiff also seeks and is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

96. Plaintiff Requests that all issues be tried before a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court for the following relief:

a. Compensatory damages to be determined at trial;

b. Punitive damages in an amount, to be determined at trial, that will deter such conduct by Defendants in the future;

c. Pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §1920;

d. Any and all other relief to which she may be entitled.

THE FREEDMEN LAW GROUP

/s/**Dominique L, Camm, Esq.**

**N.C. State Bar No.: 39565**
**Attorney for Plaintiffs**
**The Freedmen Law Group**
**2923 S. Tryon Street**
**Suite #220**
**Charlotte, NC 28203**
**Telephone:    704-271-2048**
**Fax:          704-919-5965**
**Email:        dcammesq@gmail.com**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# CIVIL ACTION NO: 5:20-CV-00503-FL

| | |
|---|---|
| KAZEEM OLUROTIMI OYENEYIN, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>CITY OF RALEIGH; BRYAN BRACEY,<br>(Individually); JOHN DOE, (Individually);<br>K.E. VAN ALTHUIS, (Individually) and<br>TG BEATON, (Individually),<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that on December 21, 2020, I electronically filed the foregoing Plaintiff's First Amended Complaint with the Clerk of Court Using the CM/ECF System which will send notification of such filing to all counsel of record as follows:

| | |
|---|---|
| Dorothy V. Kibler, Esq.<br>Deputy City Attorney<br>P.O. Box 590<br>Raleigh, NC 27602<br>Attorneys for Defendant City of Raleigh | Samuel G. Thompson, Jr., Esq.<br>Yates, Mclamb & Weyher, L.L.P.<br>P.O. Box 2889<br>Raleigh, North Carolina 27602<br>Attorneys for Defendant Sgt. Bryan Bracey |