IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-503-FL

| | |
|---|---|
| KAZEEM OLUROTIMI OYENEYIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BRYAN BRACEY individually; C ) | |
| GAGNON individually; K. E. VAN ) | |
| ALTHUIS individually; and TG BEATON ) | |
| individually,[1] ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon defendants' motion to expedite, to compel, and to dismiss (DE 58), as well as plaintiff's notice of voluntary dismissal, which the court has construed as a motion for voluntary dismissal (DE 60). Plaintiff responded to defendants' motion and defendants filed a notice regarding the same. In this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff commenced this civil rights action in Wake County Superior Court, under 42 U.S.C. § 1983, asserting a violation of his Fourth and Fourteenth Amendment rights due to an alleged false seizure, arrest, and imprisonment by defendants, who are officers of the Raleigh Police Department. Defendants removed to this court and plaintiff filed the operative amended complaint. Plaintiff seeks monetary damages, costs, and attorney's fees.

---

[1] The court constructively amends the caption of this order to reflect dismissal of former defendant City of Raleigh, on March 3, 2021.

By way of summary, plaintiff alleges in the operative amended complaint that defendants appeared at his residence twenty minutes after plaintiff had disarmed an alarm on his home security system, confronted plaintiff, pointed a gun at him, and ordered him out of the residence. Plaintiff alleges defendants placed plaintiff in handcuffs and into a patrol car, while officers entered plaintiff's residence without his consent, after plaintiff informed them that the residence was his. According to the complaint, another police officer subsequently approached plaintiff, recognized plaintiff, released plaintiff, and ordered defendants to exit the residence.

The court's April 6, 2021, amended case management order set a November 30, 2021, deadline for completion of discovery. Defendants filed a first motion to compel discovery responses by plaintiff on August 30, 2021. The next day, the court dispensed with the case management order's requirement for telephonic discovery conference, finding "good cause to dispense with the telephonic conference requirement for two reasons: 1) movants state[d] in their motion that plaintiff did not respond to counsel's attempt to resolve the dispute prior to filing the instant motion, and 2) informal conference by telephone [was] unlikely to aid in resolution of the disputed issue where plaintiff has been non-responsive." (August 31, 2021, Text order).

After plaintiff did not respond to defendants' first motion to compel, the court granted the motion on September 16, 2021, ordering plaintiff to do as follows within ten days from the date of the order:

1. Fully respond to all Defendants' First set of Interrogatories and Requests for Production of Documents, without objection, pursuant to Rule 37 with the admonition that Plaintiff's failure to comply with this Court's order may subject Plaintiff to future sanctions;

2. Verify all interrogatory responses; and

3. Pay Defendants' reasonable costs and attorneys' fees associated with the filing of [the] motion.

(September 16, 2021, Order (DE 50)).

Defendants thereafter moved twice for extensions of time to serve expert disclosures, noting that plaintiff sought from defense counsel extensions to October 1 and then to October 4 to provide discovery responses ordered in the court's September 16, 2021, order. The court granted defendants' motions for extensions. Defendants also sought $390.00, in attorneys' fees and costs, which the court allowed on October 29, 2021.

The court received notice of a discovery dispute on November 4, 2021, whereupon the court again dispensed with the requirement of convening a conference with the court and directed the complaining party to proceed with filing the appropriate motion. Because of impending discovery deadlines, the court directed the responding party to file an expedited response to any such motion. One day later, defendants filed the instant motion, asserting that plaintiff had failed to fully respond to defendants' written discovery as directed in the September 16, 2021, order. Defendants seek attorneys' fees and costs associated with the filing of the motion, as well as dismissal of the case with prejudice for failure to comply with the court's order. Defendants rely on an October 22, 2021, letter they sent to plaintiff regarding discovery responses.

Three days later, plaintiff filed the instant notice of voluntary dismissal, to which defendants filed a response the next day. By text order entered November 10, 2021, the court construed plaintiff's notice as the instant motion for voluntary dismissal, and the court allowed plaintiff seven days to file a reply. The court stayed all case deadlines and activities pending ruling on the instant motions.

Plaintiff responded in opposition to defendants' motion on November 12, 2021, relying upon a November 11, 2021, letter from plaintiff to defendants regarding discovery responses. Defendants thereafter filed a notice regarding plaintiff's response. Thereafter, in response to a deficiency notice regarding mediation entered by the clerk, the parties filed a joint status report

3

noting that in the event the court's order on defendants' motion does not dispose of the case, the parties will meet and confer regarding further case management deadlines.

**COURT'S DISCUSSION**

A.  Defendants' Motion

In their motion, defendants seek dismissal of the case with prejudice for plaintiff's failure to comply with the court's September 16, 2021, order, as well as an award of attorneys' fees and costs, pursuant to Rules 37(b)(2) and 41(b). For the following reasons, the court finds that sanctions are appropriate for plaintiff's failure to comply with the court's order, but dismissal with prejudice is not warranted under the circumstances presented.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including orders "dismissing the action or proceeding in whole or in part," or "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Similarly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

"When the sanction involved is judgment by default, the district court's range of discretion is more narrow because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).[2] "[T]hose competing interests

---

[2]   All citations to opinions in this order omit internal citations and quotation marks, if any, unless otherwise specified.

4

require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Id. "Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.

The standard for dismissal under Rule 41 is similar. The court must consider "four factors before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990). "While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint." Id. at 173.

As a threshold matter, for purposes of both Rules 37 and 41, the record reflects that plaintiff failed to comply with the court's September 16, 2021, order. In particular, the court ordered plaintiff to "[f]ully respond to all Defendants' First set of Interrogatories and Requests for Production of Documents," with interrogatory responses verified, within ten days of the date of the court's order. (September 16, 2021, Order (DE 50)). Instead, according to plaintiff's own account, plaintiff responded to defendants' discovery requests on October 6, 2021, and plaintiff provided to defendants a supplemental letter on November 11, 2021. (E.g., DE 63, DE 63-1). Plaintiff gives no reason why some information provided on November 11, 2021, could not have

5

been given earlier in the form of a verified interrogatory response. For example, plaintiff provided on November 11, 2021, the following additional information about his employment:

> Plaintiff, previously worked at Wendy's, Plaintiff is unable to recall address due to the time that has elapsed since last employment at this location.
>
> Plaintiff, previously worked at McDonalds, Plaintiff is unable to recall address due to the time that has elapsed since last employment at this location.
>
> Plaintiff, previously worked at Just Fresh as a minor, Plaintiff is unable to recall address due to the time that has elapsed since last employment at this location.

(DE 63-1 at 2). Likewise, plaintiff's initial response did not list any address after August 17, 2019, and his supplemental response still did not list any such address nor any explanation for the lack thereof. (See DE 59-1 at 1; DE 63-1). In sum, because plaintiff failed to comply with the court's September 16, 2021, order, sanctions are warranted under Rules 37 and 41.

The court turns next to considering the factors bearing on an appropriate sanction. With respect to the issue of bad faith, the court notes on the one hand that plaintiff's disregard of the court's order follows plaintiff's earlier failure to respond at all to defendants' discovery requests, for which plaintiff asserted no justification or excuse. (See August 31, 2021, Text Order, and September 16, 2021, Order (DE 50)). Plaintiff also filed, without basis in the civil rules, a notice of voluntary dismissal after defendants filed the instant motion. (DE 60). On the other hand, plaintiff complied with the prior sanction imposed by the court awarding attorney's fees. Further, this is the first instance of plaintiff's non-compliance with an order of the court. Accordingly, the court does not find bad faith on the part of plaintiff, but rather, the "record indicates sloppiness and a lack of communication." Hillig, 916 F.2d at 174.

Next, plaintiff's noncompliance prejudiced defendants, in light of the materiality of the evidence plaintiff failed to timely produce and the unnecessary expenditures of litigation resources on the part of defendants. With the discovery deadline approaching on November 30, 2021,

plaintiff's delay in responding to discovery, and delay in attempting to supplement those responses, until after plaintiff's notice of voluntary dismissal, deprived defendants an opportunity to prepare properly for plaintiff's deposition, and to identify additional material fact witnesses before the close of discovery. In addition, plaintiff's delays undercut defendants' disclosure and preparation of their expert witness.

With respect to deterrence, prior sanctions of attorney's fees did not deter plaintiff from failing to comply with the court's September 16, 2021, order. Nevertheless, the court notes that the amount of sanctions previously was relatively small, and plaintiff complied with those sanctions. Concerning plaintiff's personal responsibility, there is no indication that plaintiff personally is responsible for the non-compliance with the court's order. Finally, considering dismissal versus lesser sanctions, this is not a "most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92. Thus, a sanction less "drastic than dismissal" is warranted. Hillig, 916 F.2d at 174.

Considering all the circumstances of this case, particularly where plaintiff filed a notice of voluntary dismissal that the court has construed as a motion for voluntary dismissal, the court finds that sanctions in the form of an award of attorney's fees and costs is warranted. For plaintiff's non-compliance with the court's September 16, 2021, order, plaintiff shall pay to defendants all reasonable attorney's fees and costs incurred by defendants in seeking, negotiating, and evaluating, any discovery responses made by plaintiff after September 27, 2021; in making filings to the court related to the same; and in preparing any timely served expert disclosures.

In making this determination, the court has taken into account defendants' position that plaintiff, to date, still has not "fully" responded to discovery requests, either in responses originally

7

served or by supplementation received November 11, 2021. (DE 64 at 1). Where plaintiff has sought voluntary dismissal, and where the court already has determined that plaintiff still has not fully responded to defendants' discovery requests, the court declines defendants' invitation for additional briefing or court conference further detailing still-outstanding discovery issues.

In order to determine the appropriate amount of sanctions, defendants are directed to file a motion for reasonable attorney's fees and costs, within 21 days of the date of this order, accompanied by a supporting affidavit. Plaintiff may file a response thereto, if any, within 14 days after. Thereupon, the court will enter a final order as warranted directing payment of a specific amount of attorneys' fees and costs associated with plaintiff's failure to follow the court's September 16, 2021, order.

In sum, defendants' motion is granted in part and denied in part. The court grants that part of the motion seeking sanctions of attorney's fees and costs, in accordance with the terms set forth herein, and denies the motion in remaining part.

B.  Plaintiff's Motion

A "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). As already determined, plaintiff's notice of voluntary dismissal was ineffective because defendants have already answered and plaintiff's notice was not accompanied by any stipulation of dismissal. Accordingly, the court has construed plaintiff's notice as a motion for voluntary dismissal.[3]

---

[3] The court declines defendants' invitation to deny plaintiff's motion outright, where it has been so construed by the court, on the basis that it does not comply with the local rule requirement of being supported by a separate memorandum of law.

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Id. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "To fulfill this purpose, Rule 41(a)(2) . . . permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." Id. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id.

Nevertheless, "prejudice to the defendant does not result from the prospect of a second lawsuit." Id. at 1274. "Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Id. at 1275. Furthermore, conditioning dismissal on payment of attorney's fees may not be warranted if discovery may be used in future litigation and there is no indication that voluntary dismissal was sought in bad faith. See id. at 1276.

In this case, requiring dismissal with prejudice at this juncture is not warranted under the circumstances in light of the standard set forth in Davis. At the same time, conditioning dismissal without prejudice on payment of attorney's fees and costs, as already imposed herein, naturally flows from the court's discovery sanctions. The link between the two is augmented by the fact that plaintiff attempted to notice voluntary dismissal shortly after defendants filed their instant motion. In that respect, the filing of plaintiff's notice of voluntary dismissal before resolution of the discovery issues evidences an improper attempt to avoid obligations imposed by the court's September 16, 2021, order.

9

In the event plaintiff fails to pay the attorney's fees and costs as directed herein, and as to be further specified in forthcoming order, then defendants will be prejudiced if plaintiff recommences litigation in another forum without recourse in the instant matter. Accordingly, plaintiff's motion for voluntary dismissal must be granted with conditions. In particular, dismissal without prejudice shall be conditioned upon plaintiff's timely payment of attorney's fees and costs, as imposed herein. If plaintiff does not comply with the court's orders for payment of attorney's fees and costs, then dismissal of this action shall be deemed to be with prejudice.

## CONCLUSION

Based on the foregoing, defendants' motion (DE 58) is GRANTED IN PART and DENIED IN PART as set forth herein. The court grants that part of the motion seeking sanctions of attorney's fees and costs, in accordance with the terms set forth herein, and denies the motion in remaining part. Plaintiff's motion (DE 60) is GRANTED with conditions as set forth herein. In particular, this action is DISMISSED WITHOUT PREJUDICE, conditioned upon plaintiff's payment of attorney's fees and costs, as imposed herein.

Plaintiff is hereby WARNED that if plaintiff does not comply with the court's orders for payment of attorney's fees and costs, then dismissal of this action will be deemed to be with prejudice. Defendants are DIRECTED to file a motion for reasonable attorney's fees and costs, within 21 days of the date of this order, accompanied by a supporting affidavit. Plaintiff may file a response thereto, if any, within 14 days after. Thereupon, the court will enter such final order as is warranted regarding attorneys' fees and costs and the court's judgment.

SO ORDERED, this the 27th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

10

Case 5:20-cv-00503-FL   Document 66   Filed 12/27/21   Page 10 of 10